United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 28, 2004**

Charles R. Fulbruge III
Clerk

REVISED JUNE 3, 2004

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20255

_____

N.W. ENTERPRISES INCORPORATED; AMETHYST ENTERPRISES INC;
CAMPUS INVESTMENTS INCORPORATED; 1431 WEST 18TH, INC.,

Plaintiffs - Appellees,

FTU INC.; DAJO INC.; ICE EMBASSY INC.;
TEXAS RICHMOND CORPORATION; ANDREA STAFFORD; FRANK I. KENT;
NAOMI L. PARRISH; ANN MARIE HASSELBACH; JEANNE L GRIGSBY;
SUSAN BOYLE; DANA LYNN THOMAS; KIMBERLY ANN DUSHMAN;
MICHELLE HADLEY; COLLEEN CLOER; LEAH MARIE WILSON;
CARLA K. EATON; CHERYL THOMPSON; ROBERT G. FUREY; HFR
ENTERPRISES, INC.; ANDREA HILL; GINA OLIVER; HEATHER WELDIN;
CHARISMA BARRY; DONNA SOTO; ANDREA ALLBRIGHT MARCO; AHD HOUSTON
INC., a Texas Corporation d/b/a Centerfolds; DNW HOUSTON, INC;
PARABAR CO, doing business as Paradise Club;
JANE DOE ONE, Applicants; JANE DOE TWO, Applicants;
DEE & DEE ENTERPRISES, INC.; 9924 I-45 NORTH, INC.;
HI-HOUSTON, INC.; CHARLES WESLEY, INC.; CHIL SOUNG, INC.,
doing business as BJ's 24 Hour Newsstand; DARIS, INC., doing
business as Riveria Cabaret; GNCD, INC., doing business as
Fantasy South; RUDE DOG II, INC., doing business as Scores
Cabaret; LONE STARR MULTI THEATRES, INC., doing business as
Cinema West; AVW, INC., doing business as Adult Video Megaplexxx;
CLMS, INC., doing business as 24 Hour Video & News; C-SNAP, INC.,
doing business as Interludes; EAST BAY, INC., doing business as
East Tex 24 Hour News & Video, doing business as Hempstead Adult
Bookstore, none, doing business as XTC Cabaret Center; TNT
SERVICES, INC., doing business as Xcalibur; 9834 JENSEN, INC.,
doing business as Harlem Knights; 8503 NORTH FREEWAY, INC.,
doing business as Fantasy Cabaret; CORPORATE CLUBS OF TEXAS,
INC., doing business as Fantasia I XTC; US CLUBS, INC.,
doing business as Fantasia III XTC; XTC CABARET, INC., doing
business as XTC; DHL INC., doing business as Executive XTC;
CHERIE FELDMAN, doing business as Executive Playmates;
EVE ENTERPRISES, INC., doing business as Club Royale;
LONG TRAN, doing business as Ellington Newsstand;
NIEN X. NGUYEN, doing business as DT Video; WMF INVESTMENTS,
INC., doing business as Chesapeake Bay; AKM, INC., doing

business as Gigi's Cabaret; DHR, INC., doing business as Hi-10 Cabaret; PANAH, INC., doing business as Mirage Cabaret; R & R ENTERTAINMENT, INC., doing business as Moments Cabaret; SSD ENTERPRISES, INC., doing business as Ritz Cabaret; HHE, INC., doing business as Passion Cabaret; F & R CLUB, INC. doing business as Silk Bar & Grill Cabaret; ATCOMM SERVICES, INC., doing business as Broadsteets; HOUMAN SHAGHAGI, doing business as Foxxy's Cabaret; SOUTHEAST TEXAS VENTURES, A TEXAS JOINT VENTURE, doing business as The Trophy Club; KMRC, INC., doing business as LaChatte; ARIS MYLONAS, doing business as Baby Dolls Saloon; MK CLUB & RESTAURANTS, INC., doing business as Moulin Rouge; 10128 TDC 1, INC., doing business as Texas Dolls Cabaret; SOUTHWEST CLUBCO, INC., doing business as Playmates; DUNCAN BURCH, INC., doing business as Michael's International; OBSESSION CABARET, INC., doing business as Obession Cabaret; NORMAN R. GLENN, doing business as West Mt. Houston Newsstand, doing businessas Far West News, doing business as Highway 6 Newsstand; JAMES DREW, doing business as Gold Touch Stress Clinic and Velvet Touch Stress Clinic; PETE CASERLY, doing business as Northwest News; A TO X VIDEO, doing business as Pacific Management Enterprises; HUGHES & ST. CLAIR, INC., doing business as Pacific Management Enterprises; QUASAR INTERNATIONAL, INC., doing business as Pacific Management Enterprises; VIDEO NEWS, INC., doing business as Pacific Management Enterprises; CHUCK WESLEY, doing business as Pacific Management Enterprises; CHUCK WESLEY, INC., doing business as Northwest News; JACOB BORENSTEIN, doing business as Northwest News; 12851-59 WESTHEIMER, INC.; 608 WEST MT. HOUSTON, INC.; GINO A. BARONE, doing business as Ban Management Co., also known as Consolidated Video, doing business as Hillcroft News & Video, doing business as Telephone Road News & Video; HEAVEN VIDEO & NEWS; AIRLINE VIDEO AND THAI COMPANY; CITY WIDE GROUP, INC., doing business as Studz News; ANS, INC. DBA LONE STAR NEWS, doing business as Lone Star News, NORTHSTAR, INC. DBA NORTH FREEWAY NEWS; NORTHEAST, INC. DBA GULF FREEWAY NEWS, doing business as Gulf Freeway News; EASTEX 24-HOUR NEWSSTAND; G. W. ROGERS; R. GLASS; G. HUMPHREY; D. L. STONEHAM; L. J. PUTTERMAN; M. ROBERTS; V. L. AUZSTON; J. J. LANGEN; H. PEREZ; A. LUCKE; Y. HINOJOSA; A. N. MCMILLEN; B. WEBB; R. STERNES; S. MONGONIA; K. MARTIN; N. ROBERTS; V. GOBEA; D. QUICK; K. WARREN; R. SANCHEZ; S. JUREK; N. ESPINOZA; C. EMERY; K. MARTIN; C. COMBS; J. DAMPIER; W. KALINOWSKI; J. CRENSHAW; L. M. BATES; H. MACTAVISH; T. DOVE; E. CASTILLO; K. K. HANNAN; C. J. SHARPE; A. A. COOK; N. BAILEY; T. R. KING;

2

L. B. MEAGHER; N. HENRY; A. BAILEY; D. DODSON; J. SUAREZ;
A. N. MCMILLAN; K. ROSENBERRY; C. GARCIA; M. FISHER;
D. M. MUENZLER; T. J. OAKLEY; D. CARSWELL; A. KELLY;
T. WESTERN; K. A. RADAR; L. PHILLIPS; T. JONES;
A. GIBSON; G. PIERCE; N. NEUENFELDT; T. ALLEN;
S. L. WHITTNEBURG; P. A. BUFFIN; C. VAUGHN; T. L. ALDAPE;
S. Y. NORENO; L. TAUAREZ; T. DARDAS; N. BARRY; T. STANDRIDE;
J. D. BURDEN; S. S. SALAZAR; H. L. LOCOCO; S. BRADY; S. NNOLI;
E. I. STREET; D. JORGENSON; D. G. LEWIS; P. Z. GERMAN;
J. M. ROGERS, J.R.; B. TEMPLEMIRE; R. DUNCAN; J. EASTERWOOD;
J. C. ACRES; W. TEMPLEMIRE, JR.; TRUMPS, INC.,
doing business as Rick's Cabaret, A Texas Corporation;
ANDREW SEFIA, doing business as Rumors, and others similarly
situated; D. HOUSTON, INC., doing business as Treasures,
a Texas Corporation S.E. MANAGEMENT, INC., doing business as
Northshore Video and News, JEANA WILEY, Operator of  Southeastern
Management; NORMAN S. HARRISION,

Intervenor Plaintiffs - Appellees-Cross-Appellants,

ELGIN INVESTMENT COMPANY, LTD, doing business as French Quarter
Theater; KQ INVESTMENTS, doing business as Amenity Caberet;
MARK THAI DO; doing business as Dong Kyong Modeling Studio;
DSSS ARIA MERICA, INC., doing business as Solid Platinum,
a Texas Corporation; MARKETING ORGANIZATION OF AMERICA, INC.,
doing business as Exclusive Tanning, a Texas Corporation;
BUDGET DISTRIBUTORS, INC., doing business as Franc's of Beverly
Hills, a Texas Corporation; MICHAEL D'S RESTAURANT, INC.,
doing business as Houston Salon & Fitness Center,
doing business as Texas Health Salon, a Texas Corporation;
LE CRAZYHORSE CABARET ASTRODOME, INC., doing business as
Malibu Resorts, doing business as Sensational Impressions,
a Texas Corporation; EPZ TRADING COMPANY,
doing business as Texas Health Salon, a Texas Corporation;
DEUX SOEUR  ENTERPRISES, INC., doing business as Native Tan,
a Texas Corporation; LIMERICK, INC., doing business as Video
Specials, a Texas Corporation; YOU'RE A TO X VIDEO OUTLET,
INC., a Texas Corporation,

Intervenor Plaintiffs - Appellees,

v.

CITY OF HOUSTON,

Defendant - Appellant-Cross-Appellee.

3

N. W. ENTERPRISES INCORPORATED; AMETHYST ENTERPRISES, INC.; CAMPUS INVESTMENTS INCORPORATED; 1431 WEST 18TH, INC.;

Plaintiffs - Appellees-Cross-Appellants,

FTU INC.; DAJO, INC.; ICE EMBASSY, INC.; TEXAS RICHMOND CORPORATION; ANDREA STAFFORD; FRANK I KENT; AHD HOUSTON, INC., a Texas Corporation d/b/a Centerfolds; DNW HOUSTON, INC.; PARABAR CO, doing business as Paradise Club; JANE DOE ONE, Applicants; JANE DOE TWO, Applicants; DEE & DEE ENTERPRISES, INC.; 9924 I-45 NORTH, INC.; HI-HOUSTON, INC.; CHARLES WESLEY, INC.; D HOUSTON, INC., doing business as Treasures, a Texas Corporation; HFR ENTERPRISES, INC.; ANDREA ALLBRIGHT MARCO; NAOMI L. PARRISH; ANN MARIE HASSELBACH; JEANNE L. GRIGSBY; SUSAN BOYLE; DANA LYNN THOMAS; KIMBERLY ANN DUSHMAN; MICHELLE HADLEY; COLLEEN CLOER; LEAH MARIE WILSON; CARLA K. EATON; ANDREA HILL; GINA OLIVER; HEATHER WELDIN; CHARISMA BARRY; DONNA SOTO; CHERYL THOMPSON; ROBERT FUREY,

Intervenor Plaintiffs - Appellees-Cross-Appellants,

and

CHIL SOUNG, INC., doing business as BJ's 24 Hour Newsstand; ET AL (referred to as Chil Soung Appellants),

Intervenor Plaintiffs - Appellees-Cross-Appellants,

KQ INVESTMENTS, doing business as Amenity Cabaret; MARK THAI DO, doing business as Dong Kyong Modeling Studio; NORMAN S. HARRISON; DSSS ARIA MERICA, INC., doing business as Solid Platinum, a Texas Corporation; MARKETING ORGANIZATION OF AMERICA, INC., doing business as Exclusive Tanning, a Texas Corporation; BUDGET DISTRIBUTORS, INC., doing business as Franc's of Beverly Hills, a Texas Corporation; MICHAEL D'S RESTAURANT, INC., doing business as Houston Salon & Fitness Center, doing business as Texas Health Salon, a Texas Corporation; LE CRAZYHORSE CABARET ASTRODOME, INC., doing business as Malibu Resorts, doing business as Sensational Impressions, a Texas Corporation; EPZ TRADING COMPANY, doing business as

**Texas Health Salon, a Texas Corporation;**
**DEUX SOEUR ENTERPRISES, INC., doing business as Native Tan,**
**a Texas Corporation;**
**LIMERICK, INC., doing business as Video Specials, a Texas**
**Corporation; YOU'RE A TO X VIDEO OUTLET, INC., a Texas**
**Corporation; ELGIN INVESTMENT COMPANY, LTD,**
**doing business as French Quarter Theater,**

**Intervenor Plaintiffs - Appellees,**

**v.**

**CITY OF HOUSTON,**

**Defendant - Appellant-Cross-Appellee.**

---

Appeals from the United States District Court
for the Southern District of Texas

---

**ORDER ON REHEARING**
(Opinion 11/25/03, 5th Cir., 352 F.3d 162)

Before GARWOOD, JONES, and STEWART, Circuit Judges.

PER CURIAM:

The court, having carefully considered the petitions for rehearing and rehearing en banc filed on behalf of sexually oriented businesses and entertainers in this case, **GRANTS** them **IN PART** and **DENIES IN PART** as follows:

1. We agree with the argument of FTU appellees that the district court lacked jurisdiction to enter an order of reconsideration in August 1998, partially reversing the injunctive relief that it granted on February 18, 1998, because this court had already obtained appellate jurisdiction over the same issues

5

through the City's timely filed notice of appeal. The specifics of this jurisdictional reasoning need not be related here.

Because FTU is correct, it follows that the introductory paragraph of Section IV and a part of IV.C of the panel opinion, see 352 F.3d at 192, 196-97, must be vacated only to the extent that those discussions appear to "affirm" the district court decision, entered on reconsideration, which upheld the requirement that SOB entertainers wear and conspicuously display a city-issued identification card while performing. Instead, the proper disposition is that we **REVERSE** the court's earlier-issued injunction against enforcement of that requirement. See N.W. Enterprises, Inc., et al. v. City of Houston, 27 F.Supp 2d 754 at 848-50 (S.D. Tex. 1998) (striking the provision). We **REVERSE**, and **VACATE** the injunction, because that provision of the Ordinance, viewed under a standard of intermediate scrutiny, is narrowly tailored to serve a substantial governmental interest in ensuring that all entertainers are properly licensed and that their licensure can be ascertained without interrupting the performances. More precisely, we concur that "an important goal of the new Ordinance was to allow police officers to enforce the law in adult businesses from a distance, without having to get themselves involved in illegal activity." See 27 F.Supp 2d at 908. We uphold this aspect of the Ordinance essentially for the reasons stated by

6

the district court in its (ineffective) reconsideration order. See 27 F.Supp 2d at 907-09 and 914-17.[1]

2.   In all other respects, the Petitions for Rehearing are **DENIED**, and no member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc* (FED. R. APP. P. and 5TH CIR. R. 35), the Petitions for Rehearing En Banc are also **DENIED**.

*Judge Smith did not participate in the consideration of the Petitions for Rehearing En Banc.

---

[1]   FTU additionally argues that before upholding this provision, we ought to permit further briefing, as this precise issue was not briefed on the merits on appeal. At this point, given the hundreds of pages of briefing already presented to this court, and the incredibly thorough briefing before and reasoning of the district court in the case, including on this precise issue, further substantive briefing would be a waste of time.